UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS CWABS, INC. ASSET-BACKED CERTIFICATES, SERIES 2006-18, a national bank,<br><br>Plaintiff,<br><br>v.<br><br>MARIA G. LOYO-MORALES, an individual; MADIERA CANYON HOMEOWNERS' ASSOCIATION, a Nevada corporation,<br><br>Defendants. | Case No. 2:18-cv-00308-RFB-VCF<br><br>**ORDER** |

## I. INTRODUCTION

Before the Court is Bank of New York Mellon's motion for default judgment against Maria Loyo-Morales. ECF No. 15.

## II. PROCEDURAL BACKGROUND

Bank of New York Mellon sued defendants on February 19, 2018, seeking a declaration that a nonjudicial foreclosure sale conducted under Chapter 116 of the Nevada Revised Statutes did not extinguish the bank's deed of trust recorded against the property. ECF No. 1. The bank asserts a claim for declaratory relief to quiet title in a property based on statutory, constitutional, and equitable grounds. Id. The bank also filed a notice of lis pendens. ECF No. 4.

On March 21, 2018, Bank of New York Mellon filed an affidavit of service of the summons and the complaint on Maria G. Loyo-Morales. ECF No. 8. The affidavit provides that Loyo-

Morales was served on March 13, 2018. Id. After Loyo-Morales failed to appear in this matter, the Clerk of the Court entered default against Loyo-Morales on April 23, 2018. ECF No. 12. Bank of New York Mellon now moves for default judgment against Loyo-Morales. ECF No. 15. Madiera Canyon Homeowners' Association has been dismissed from this matter by stipulation. ECF No. 13.

### III. ALLEGED FACTS

In the complaint, Bank of New York Mellon alleges the following:

Nathaniel Centeno obtained a loan from Realty Mortgage Corporation in July 2006. The loan was secured by a deed of trust that encumbered the property at 2272 Manosque Lane, Henderson, NV 89044. Bank of New York Mellon became the beneficiary under the deed of trust on August 26, 2009 by way of an assignment. Centeno later defaulted on the loan.

Centeno also failed to timely pay homeowners' association fees on the property to Madiera Canyon. Thus, Nevada Association Services, Inc., on behalf of Madiera Canyon, initiated the foreclosure sale process under NRS Chapter 116. The property was sold on November 30, 2012 for $17,000.00 to Loyo-Morales. Prior to the foreclosure sale, Bank of New York or its predecessor-in-interest tendered the portion of Madiera Canyon's lien that had a superpriority position over the deed of trust. NAS, on behalf of Madiera Canyon, refused the tender.

### IV. LEGAL STANDARD

The granting of a default judgment is a two-step process directed by Federal Rule of Civil Procedure ("Rule") 55. Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986). The first step is an entry of clerk's default based on a showing, by affidavit or otherwise, that the party against whom the judgment is sought "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). The second step is default judgment under Rule 55(b), a decision which lies within the discretion of the Court. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980).

Factors which a court, in its discretion, may consider in deciding whether to grant a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of the

substantive claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of a dispute of material fact, (6) whether the default was due to excusable neglect, and (7) the Federal Rules' strong policy in favor of deciding cases on the merits. Eitel, 782 F.2d at 1471–72.

If an entry of default is made, the Court accepts all well-pleaded factual allegations in the complaint as true; however, conclusions of law and allegations of fact that are not well-pleaded will not be deemed admitted by the defaulted party. DirecTV, Inc. v. Hoa Huynh, 503 F.3d 847, 854 (9th Cir. 2007). Additionally, the Court does not accept factual allegations relating to the amount of damages as true. Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977). Default establishes a party's liability, but not the amount of damages claimed in the pleading. Id.

**V.     DISCUSSION**

In considering the seven Eitel factors, the Court finds default judgment against Loyo-Morales is not warranted. The first and sixth factors granting default judgment because Loyo-Morales has failed to appear in this matter, prejudicing Bank of New York Mellon from obtaining the clarification on the ownership of the property. Likewise, the failure to appear for over a year suggests that Loyo-Morales could not demonstrate excusable neglect if she were to appear now.

But the second, third, and seventh factors counsel against granting default judgment and declaring that Loyo-Morales has no interest in the property. The foreclosure sale in this matter occurred on November 30, 2012. But the complaint was not filed until February 19, 2018. Thus, Bank of New York Mellon's claims are time-barred under the applicable statute of limitations. Bank of New York Mellon v. SFR Investments Pool 1, LLC, No. 2:18-cv-00363-RFB-VCF, 2019 WL 1359264, at * 3 (D. Nev. Mar. 26, 2019) (holding the bank's claims, identical to the claims asserted in this matter, were subject to a three-year or four-year statute of limitations that began to run as of the date of the foreclosure sale). The Court incorporates by reference its analysis and holding from Bank of New York Mellon. Id. The Court therefore denies the motion for default judgment. Because amendment of the complaint would be futile given the statute of limitations, the Court also dismisses this action without leave to amend. Taiwan Civil Rights Litig. Org. v.

Kuomintang Bus. Mgmt. Comm., 486 F. App'x 671 (9th Cir. 2012) (holding that a "district court did not abuse its discretion by dismissing the plaintiffs' first amended complaint without leave to amend after concluding that the [claim] was barred by the statute of limitations[.]").

## VI. CONCLUSION

**IT IS ORDERED** that The Bank of New York Mellon's [15] motion for default judgment is DENIED.

**IT IS FURTHER ORDERED** that the Complaint is DISMISSED and the Clerk of the Court is directed to close this matter.

DATED: August 12, 2019.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**